IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV118-M-2
(3:93CR47-3-P[1])

| | |
|---|---|
| BOBBY OLANDO FOSTER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's document captioned as a "Writ Of Habeas Corpus Ad Subjiciendum," filed March 24, 2009. For the reasons stated herein, such petition will be denied and dismissed.

According to his petition, on March 1, 1993, Petitioner was charged with various drug trafficking and firearm offenses. Thereafter, a jury convicted Petitioner of those matters and the Court sentenced him to 300 months imprisonment. On December 28, 1994, Petitioner's direct appeal was rejected and his convictions and sentences were affirmed.

Pertinent Court records further reflect that Petitioner

---

[1] Up to this point, all of Petitioner's cases in this District were presided over by the Honorable Robert D. Potter, United States District Judge, retired. However, in Judge Potter's absence, this matter has been assigned to the undersigned District Judge.

1

filed his first motion to vacate under 28 U.S.C. §2255 on April 28, 1997, but that motion was denied by an Order entered May 29, 1998. See Foster v. United States, 3:97CV244-P.  Then, on August 4, 1997, Petitioner filed his second motion to vacate with this Court.  See Foster v. United States, 3:97CV428-P.  Not surprisingly, however, that motion also was denied on June 1, 1998, and Petitioner's appeal of that denial was dismissed by the Fourth Circuit Court of Appeals on January 11, 1999.

Now, after an apparent hiatus, Petitioner has returned to this Court on the instant petition for a writ of habeas corpus "pursuant to 28 U.S.C. § 1651," seeking to have this Court declare his convictions void or, in the alternative, to "grant him time served and order his release."  Specifically, Petitioner claims that: (1) the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) "said all judgments issued under [] United States Sentencing Guidelines were void for violation of the [F]ifth and [S]ixth Amendments"; (2) the Fourth Circuit erred in affirming his conviction under § 924(c); (3) the evidence was insufficient to support his firearm convictions; and (4) this Court erred in its calculation of his criminal history.

As is apparent from the foregoing, however, the relief now sought by Petitioner is not available under § 1651, but properly must be pursued, if at all, through a motion to vacate under 28 U.S.C. § 2255.  Indeed, Petitioner likely has chosen to proceed

under § 1651 because this Court already has denied and dismissed his two earlier motions to vacate under § 2255. Nevertheless, because Petitioner has failed to establish either that he was subjected to an error "of the most fundamental character," or that there are no other remedies available to him, United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988), he cannot proceed under § 1651. See Carlisle v. United States, 517 U.S. 416, 429 (1996) ("it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."). See also In re Fiorani, 239 Fed. App'x 818, 819 (4th Cir. Sept. 5, 2007)(noting inapplicability of § 1651 to routine habeas claims); In re Daniels, 203 Fed. App'x 442, 443 (4th Cir. Oct. 18, 2006) (noting additional requirement that petitioner not be in custody when proceeding under § 1651); and United States v. Adams, 22 Fed. App'x 98, 101 (4th Cir. Oct. 16, 2001) (stating that § 1651 relief is "available only in very limited circumstances, and then only to persons no longer in custody.").

In the event Petitioner desires to proceed with the instant claims, he must file a motion under 28 U.S.C. § 2244 to obtain authorization to bring a successive motion to vacate in this Court. Accordingly, the instant § 1651 petition must be denied and dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 1651 is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: March 25, 2009

Graham C. Mullen
United States District Judge